<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABEL GARCIA, : <br> : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> TENAFLY GOURMET FARMS, INC., : <br> ET AL., : <br> : <br> Respondents. : | Civil Action No. 11-6828 (SRC) <br><br> **OPINION** |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion filed by Defendants Tenafly Gourmet Farms, Inc. ("Tenafly Farms") and Chang Dong Kim ("Kim") (collectively, "Defendants") to dismiss the Complaint in lieu of an Answer. Plaintiff Abel Garcia ("Plaintiff") opposed the motion. For the reasons that follow, Defendants' motion will be granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff initiated this action to recover unpaid overtime wages, and related damages from Defendants, his former employers. Plaintiff alleges that the Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:56a(4). Specifically, the Complaint alleges that Plaintiff worked

as a stocker at Tenafly Farms,[1] a grocery store, from 2007 to 2009. (Compl., ¶ 16.) Plaintiff was paid on a weekly, flat-rate basis, initially in the amount of $480 per week, and later in the amount of $550 per week. Plaintiff avers that, during his employment with Tenafly, he was not expected to log his work hours, but was generally scheduled from 10:00 a.m. to 8:00 p.m. on Friday through Wednesday of every week. However, during one of those workdays (the day changed from week to week), Plaintiff worked from 8:00 a.m. until 8:00 p.m. Thus, Plaintiff generally worked a total of 62 hours per week. Plaintiff avers that he was not paid at the rate of one and a half times his normal hourly rate for all hours over 40 worked in a given week, in violation of the FLSA, 29 U.S.C. § 207(a)(1), and the NJWHL, N.J.S.A. 34:11-56a(4). Moreover, Defendants failed to create, maintain and preserve accurate employment records for the Plaintiff, in violation of the FLSA, 29 U.S.C. §§ 211(c), 215(a)(5), related regulations, 29 C.F.R. § 516, and the NJWHL, N.J.S.A. 34:11-56a(20). Finally, Plaintiff maintains that Defendants had no good faith basis for believing that their pay practices were compliant with the law, and thus the foregoing conduct was willful, in violation of the FLSA, 29 U.S.C. § 255(a), and the NJWHL, N.J.S.A. 34:11-56a(22). Plaintiff seeks damages including unpaid wages, overtime wages, liquidated damages, and fees and costs, as set forth in 29 U.S.C. § 216(b) and N.J.S.A. 34:11-56a(25).

Defendants now move to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claims are barred by the applicable statutes of limitations under the FLSA and the NJWHL.

## II.   DISCUSSION

### A.   Legal Standard

---

[1] Defendant Kim has an "ownership interest in and/or is a shareholder" of Tenafly, and was in a supervisory or managerial position with Tenafly during the period that Plaintiff was employed as a stocker. (Compl., ¶¶ 11-13.)

The Court must review this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). In *Twombly* and *Iqbal*, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.) The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." *Id.* at 1949-50; *Twombly*, 550 U.S. at 555-57. While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 557. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007); *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

  **B.**  **FLSA Claims**

  The FLSA contains a statute of limitations providing that a cause of action under the Act for unpaid minimum wages, overtime wages, or liquidated damages--

> . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255(a).

  Defendants assert that Plaintiff has not alleged sufficiently "willful" conduct under the FLSA, and thus the Court should apply the two-year, rather than the three-year statute of limitations to Plaintiff's claims. Plaintiff alleges that the three-year statute of limitations is applicable, because Defendants acted willfully, in that they had no good faith basis to believe that their conduct, in failing to pay Plaintiff overtime and failing to keep employment records, was lawful.

  Where a plaintiff alleges willful violation of the FLSA, "the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation." *Mell v. C&S Wholesale Grocers, Inc.*, 2010 U.S. Dist. LEXIS 68269, at *12 (D.N.J. July 8, 2010). An employer's conduct is "willful" under the FLSA if it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute . . ." *McLaughlin v. Richland Show Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988). An employer's awareness of possible violations of the FLSA, together with an "indifference toward the requirements imposed" by the statute supports a finding of willfulness. *Antoine v. KPMG Corp.*, 2010 U.S. Dist. LEXIS 1907, at *20 (D.N.J. Jan. 6, 2010) (quoting *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991)).

Here, Plaintiff has pleaded sufficient facts to support the reasonable inference that the FLSA violations allegedly committed by the Defendants were willful. *Iqbal*, 129 S. Ct. at 1949. Plaintiff alleges that from 2007 to 2009 he worked for the Defendants as a grocery stocker, a position which is not exempt from the overtime pay requirements of the FLSA, *see* 29 U.S.C. § 213; that he regularly worked five 10-hour shifts, and one 12-hour shift per week, for an average of over 62 hours per week; that he was never paid time-and-a-half for any of his overtime hours, and was instead paid a flat weekly rate regardless of the number of hours worked; that the Defendants kept no records of the wages, hours, or other conditions of Plaintiff's employment; and, that Plaintiff was not asked to record the hours that he worked. Defendants argue that conclusory allegations are inadequate to support a claim of willful violation of the FLSA, citing caselaw in support of this proposition.[2] However, in this case, Plaintiff's allegations are not conclusory: he asserts that he regularly worked far in excess of forty hours per week as a grocery stocker, and that Defendants not only failed to pay Plaintiff any compensation for his overtime hours, but failed to keep a record of Plaintiff's hours or pay, and did not ask Plaintiff to clock in or out of work. Thus, the Complaint sets forth a facially plausible claim that Defendants were at least aware of possible violations of the relevant overtime and record-keeping provisions of the FLSA. Accordingly, the three-year statute of limitations is applicable to Plaintiff's FLSA claims.

Ordinarily, statutes of limitations are raised as defenses in the answer to a complaint. *See* FED. R. CIV. P. 8(c). However, if "the time alleged in the statement of a claim shows that the

---

[2] For instance, in *Cohen v. Allied Steel Bldgs., Inc.*, the court found that plaintiff had failed to allege *any* facts supporting his conclusory assertion that defendant willfully violated the FLSA. 554 F. Supp. 2d 1331, 1335 (S.D. Fl. 2008). In *Schroeder v. Dayton-Hudson Corp.*, the court granted defendant's motion for summary judgment because plaintiff had provided no evidence that defendant was on notice of plaintiff's job requirements entailing more than the hour allotted by defendant. 996 F. Supp. 840, 849 (N.D. Ind. 1998). The remaining caselaw cited by Defendants, none of which is binding on this Court, is inapposite.

cause of action has not been brought within the statute of limitations," a statute of limitations defense can be made in the context of a Rule 12(b)(6) motion. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002); *see also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir.1994) (noting, that while Federal Rule of Civil Procedure 8(c) "indicates that the statute of limitations cannot be used as a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period . . ."). Here, Plaintiff filed his Complaint on November 21, 2011, seeking unpaid wages and overtime damages for the period that he worked for Defendants, "from 2007 to 2009." (Compl., ¶ 16.) It is well settled that "[a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 437 (D.N.J. 2001); *see* 29 C.F.R. § 790.21. Applying the three-year statute of limitations for willful violations of the FLSA, Plaintiff's claims for overtime earned within the three years immediately prior to his filing the Complaint on November 21, 2011 are timely. *See Henchy*, 148 F. Supp. 2d at 437. Therefore, the Complaint does not facially show noncompliance with the statute of limitations period with respect to the FLSA claims for overtime and unpaid wages accruing on or after November 21, 2008. Accordingly, the Court will grant Defendants' motion to dismiss Plaintiff's FLSA claims for overtime and unpaid wages only as to those claims arising prior to November 21, 2008, but will deny Defendants' motion as to claims arising after November 21, 2008.

    **C.**    **NJWHL Claims**

Defendants also seek to dismiss Plaintiff's NJWHL claims on the basis that the applicable

two-year statute of limitations bars such claims.[3] N.J.S.A. § 34:11-56a(25) provides that "[n]o claim for unpaid minimum wages, unpaid overtime compensation, or other damages under this act shall be valid with respect to any claim which has arisen more than 2 years prior to the commencement of an action for recovery thereof." The Court sees no reason to distinguish between the accrual of claims for unpaid wages or overtime under the FLSA and the accrual of analogous claims under the NJWHL. Indeed, the relevant provisions of the NJWHL were modeled after the FLSA. *See Marx v. Friendly Ice Cream Corp.*, 882 A.2d 374, 378 (N.J. Super. Ct. App. Div. 2005). Thus, each failure to pay overtime begins a new statute of limitations period as to that particular event for NJWHL purposes. *See, e.g., Mitchell v. C&S Wholesale Grocers, Inc.*, 2010 U.S. Dist. LEXIS 68269, at **6-7 (D.N.J. July 8, 2010). As set forth above, Plaintiff asserts that he worked for Defendants from 2007 to 2009. To the extent that Plaintiff's NJWHL claims arise prior to November 21, 2009 (two years prior to the date on which he filed his Complaint), same are time-barred by N.J.S.A. 34:11-56a(25). However, Plaintiff does not state the precise date that he ceased working for the Defendants, thus the Court will not at this juncture dismiss Plaintiff's NJWHL claims to the extent that any of his claims arise after November 21, 2009. The Court will, however, grant Defendants' motion to dismiss Plaintiff's NJWHL claims arising prior to November 21, 2009.

---

[3] The Court notes that Plaintiff did not raise any argument in opposition to Defendants' motion to dismiss the NJWHL claims as untimely.

### III.	CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted in part and denied in part.  An appropriate form of order will be filed together with this Opinion.


	                                     	 s/Stanley R. Chesler    
	                                     	STANLEY R. CHESLER
	                                     	United States District Judge

DATED: March 1, 2012